FRANKLIN *v.* NEILL & CLARK.*

(Division B.   Nov. 22, 1926.)

[110 So. 368.   No. 26031.]

APPEAL AND ERROR.   *Law changing time for taking appeal from one year to six months held not retrospective (Laws 1926, chapter 153).*

Laws 1926, chapter 153, changing time in which appeal to supreme court must be prosecuted from one year to six months, *held* prospective and not retrospective in its effect, and not controlling as to judgments rendered before its approval, except that appeals therefrom must be prosecuted within six months immediately following passage and approval.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 1042, n. 19, 20.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Action between Ed Franklin and Neill & Clark. Judgment for the latter, and the former appeals. On motion to dismiss appeal. Motion overruled.

Brief of *J. L. Williams* on motion to dismiss appeal.

The time within which an appeal to the supreme court may be prosecuted is prescribed by the statute of limita-

tions. Chapter 153, Laws of 1926. It will be noted that under section 2476 the limitation for such appeals was one year, but under chapter 153, Laws of 1926, appeals must be prosecuted "within six months next after the rendition of the judgment or decree complained of, and not after."

The general rule is: "A statute repealed by a later act is, in the absence of provisions to the contrary, considered as to its operative effect, as if it never existed, except as to matters and transactions past and closed." 26 Am. & Eng. Ency. of Law (2 Ed.), page 745.

I. For effect of the amendment of a prior statute, see *M. & O. R. R. Co.* v. *Weiner,* 49 Miss. 725; *City of Vicksburg* v. *Insurance Co.,* 16 So. 257.

II. For effect on a prior statute of its repeal by a subsequent statute, see *Musgrove* v. *Vicksburg & Nashville R. R. Co.,* 50 Miss. 677, 681; *Bradstreet Co.* v. *City of Jackson,* 32 So. 999; *Crow* v. *Cartledge,* 54 So. 947, 948; *Town of Durant* v. *Attalla County,* 57 So. 914-16.

Brief of *Osborn & Witty,* in opposition to motion to dismiss appeal.

The rule is well settled in practically all jurisdictions that a statute increasing or reducing the time for appeals is not retroactive and does not affect any judgment or decree which was rendered prior to the passage of the act. The rule is stated in 3 C. J. 1042. The rule in the state of Washington seems to be that the new statute begins to run, as to judgments previously rendered, from the date the act itself took effect and not from the date of the judgment. See *Rogers* v. *Trumbull,* 32 Wash. 211, 73 Pac. 381.

The rule in the state of Texas seems to be that the new act will apply to judgments previously rendered, but

that a reasonable time will be given in which to perfect an appeal after the passage of the new act.

With the exception of Texas and Washington, we find no other states dissenting from the general rule, and even should the Texas or Washington rule be adopted by this court, still this appeal was perfected in ample time within the rules adopted by said two states.   2 R. C. L. 105; *Mayor, etc., of New York* v. *Schermehorn,* 1 N. Y. 424; *Ford* v. *Ford* (S. D.), 191 N. W. 457; *Cook* v. *Massey* (Idaho), 220 Pac. 1088, concerns facts almost identical here.   See, also, *Rankin* v. *Schofield,* 71 Ark. 168, 100 A. S. R. 59; 22 L. R. A. 48; 51 L. R. A. (N. S.) 761.

It is hardly necessary for us to refer this court to the many adjudications of this court to the effect that a retroactive operation will not be given to a statute unless it is the manifest intention of the legislature that it should have that effect.   But see *Carson* v. *Carson,* 48 Miss. 349; *Garrett* v. *Beaumont,* 24 Miss. 377; *Stewart* v. *Davidson,* 10 S. & M. 351; *Hooker* v. *Hooker,* 10 S. & M. 599; *Brown* v. *Wilcox,* 14 S. & M. 127.   Also *Davis* v. *Minor,* 1 How. 183, 28 Am. Dec. 325; *Wilkinson* v. *Barringer,* 23 Miss. 319; *Richards* v. *City Lbr. Co.,* 101 Miss. 678, 57 So. 977.

Rejoinder brief by *J. L. Williams* on motion to dismiss appeal.

No question of vested right appears in this case at all, but the statute we rely on applies only to the remedy. It is perfectly clear that the legislature has a right to amend, alter, or repeal statutes that apply to remedies, and when the party desires to pursue a particular remedy, he must proceed according to the law existing at the time he undertakes to apply the remedy.   3 C. J., page 1042, section 1033; *Smythe* v. *Boswell* (Ind.), 20 N. E. 263; *Bondurant* v. *Bondurant,* 251 Ill. 324, 96 N. E. 306.

No authority has been cited, and we believe that none can be found, to contravert the rule that the effect of a

repealing statute is to obliterate the repealed statute as completely as if it had never been passed and it must be considered as a law that never existed except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. Therefore, unless the appellant has a vested right as to the time in which he may appeal, the repealed statute is of no force. Therefore, it cannot be held that the time begins to run on a judgment, rendered prior to the date the repealing statute became effective, unless the purpose be to defeat, rather than carry out the purpose of the repealing act; that is, limit the time of the appeal, and not increase it. The precise question here involved has been adjudicated by the supreme court of Texas in *Grace* v. *Buffington,* 25 S. W. 317, and *Odum* v. *Gardner,* 25 S. W. 18.

We submit that this appeal should be dismissed.

PER CURIAM.

Appellees Neill & Clark move this court to dismiss the appeal because appellant did not prosecute his appeal within the time prescribed by the new statute, chapter 153, Laws of 1926, approved on March 8, 1926, which amended section 2476, Hemingway's Code, and changed the time from one year to six months in which appeals to this court must be prosecuted, and in the case before us the judgment was obtained in September, 1925, and the appeal bond was filed in July, 1926, which was more than six months after rendition of the judgment, and therefore, if the amended statute limiting the time of the appeal to six months is retroactive and not prospective in its application, then the appeal is barred, because not made within the six months period.

We are convinced the amended statute limiting the time to six months within which to appeal is prospective and not retrospective in its effect, and that the statute means that all appeals are to be prosecuted within six months

after the rendition of the judgment, but that the statute applies only to judgments rendered after its passage and approval. To put it in different words, we say the statute was intended to affect appeals only from judgments rendered after its passage and approval, and that judgments rendered before the approval of the amended act are not controlled by it, except that appeals from such judgments must be prosecuted within the prescribed six months' period immediately following the passage and approval of the amended statute.

The appeal here involved was prosecuted within the six months' period after the passage and approval of the statute in question, and therefore the motion to dismiss must be overruled.

*Motion overruled.*