WILKINSON *et al. v.* WILSON *et al.*

(Division B.   Sept. 30, 1929.)

[123 So. 847.   No. 27836.]

J. L. *Williams* and *S. D. Neill*, both of Indianola, *L. C. Hallam*, of Jackson, and *J. C. Roberts*, of Cleveland, for appellants.

*Wells, Jones, Wells* and *Lipscomb* and *J. M. Stevens*, all of Jackson, for appellees.

730

*Osborn & Witty,* of Greenwood, for appellees.

ETHRIDGE, P. J., delivered the opinion of the court.

H. E. Wilkinson filed a bill in the chancery court for the partition of certain property in Sunflower county, Mississippi, known as the Cottondale Plantation, and for an accounting of rents and profits for the use and occupation of the place by G. A. Wilson for the year 1925; this bill being filed on the 23d day of May, 1925.

It was alleged in the bill that on the 19th day of July, 1917, G. H. Kirkland, being the owner of the said plantation, conveyed the lands to J. W. Wilkinson. It was further alleged that on the 1st day of January, 1918, J. W. Wilkinson conveyed the above lands to Ed Franklin and R. R. Green, and that they became then the owners of the said plantation and entered into the possession thereof; that the consideration of the said conveyance from Wilkinson to Franklin and Green was the assumption by Franklin and Green of an indebtedness due to G. H. Kirkland, and a balance due to J. W. Wilkinson for purchase price of twenty-six thousand four hundred sixty-two dollars and forty-eight cents, and a part payment in cash. It was alleged that on the 1st day of January, 1918, Franklin and Green and their respective wives executed a deed of trust to secure purchase money of said lands which was duly recorded in the county, and which was made an exhibit to the bill.

It was further alleged that prior to the execution of said deed to Franklin and Green, they executed a deed of trust dated December 1, 1917, to secure the Wilson Banking Company a pretended indebtedness from the

said Green and Franklin to the Wilson Banking Company, but that on the date of the said deed of trust to the Wilson Banking Company said Green and Franklin had no semblance or color of title whatever, but that the same was then property belonging to J. W. Wilkinson, and that the deed of trust to the Wilson Banking Company was junior and subordinate to the deed of trust in favor of J. W. Wilkinson. It was further alleged that on February 2, 1922, one J. F. Burrow and Ed Franklin were indebted to S. D. Neill and A. B. Clark, a partnership doing business under the name of Neill & Clark as attorneys at law, and that the said Neill & Clark filed suit against the said J. F. Burrow and Ed Franklin in the circuit court of Sunflower county, Mississippi and that on the 31st day of March, 1922, judgment was rendered against J. F. Burrow and the said Ed Franklin, jointly and severally, in favor of S. D. Neill and A. B. Clark for the sum of one thousand one hundred sixty-five dollars, interest and costs, which judgment is also made an exhibit to the bill.

It was further alleged that on the 26th day of April, 1922, Franklin and Green executed a deed of trust to the Mississippi Fire Insurance Company conveying said lands to secure an indebtedness of sixty-five thousand dollars, which said deed of trust is duly recorded and is also made an exhibit to the bill. It was further alleged that the said exhibit became a first mortgage on the interest of R. R. Green and Laura M. Green in the lands described, and a second lien upon the interest of Ed Franklin in the said lands, being subordinate and junior to the lien of Neill & Clark on the interest of Ed Franklin; the holders of all prior mortgages to the Mississippi Fire Insurance Company's having waived the liens with the exception of Kirkland's deed of trust.

It was further alleged that on the 3d day of December, 1924, execution was issued on the judgment against Franklin and Burrow, and the land was levied upon on

the 4th day of December, 1924, and that the sheriff, after complying with all the requirements of law, sold the interest of said Ed Franklin in and to the lands described in the bill, at which sale S. D. Neill and A. B. Clark became the purchasers; and that the said sheriff, on the 5th day of January, 1925, being the date of the sheriff's sale under execution, conveyed the interest of Ed Franklin in said lands to said S. D. Neill and A. B. Clark, which deed is duly recorded in the records of the county and is made an exhibit to the bill; and that by virtue of said deed Neill & Clark became the owners of the undivided interest of the said Franklin in the said lands, and entitled to the possession thereof by said deed.

It was further alleged that afterwards, on the 7th day of January, 1925, the trustee in the deed of trust in favor of the Mississippi Fire Insurance Company gave notice that the lands would be sold on February 2, 1925; and on the said day the trustee did sell the said lands under the said deed of trust to the defendant G. A. Wilson, Jr., and executed a trustee's deed of trust to the said G. A. Wilson, Jr., conveying the lands known as Cottondale Plantation to G. A. Wilson, Jr.; and that the said deed is duly recorded, and a copy made an exhibit to the bill; that by virtue of the said conveyance, G. A. Wilson, Jr., became the owner of an undivided one-half interest in the lands above described, as a tenant in common with S. D. Neill and A. B. Clark, who each owned on said date an undivided one-fourth interest in said lands described.

It was further alleged that on the 2d day of February, 1925. Wayne Thompson. trustee in a deed of trust to J. W. Wilkinson, gave notice that he would sell the lands described on the 28th day of February, 1925, to satisfy the indebtedness secured by said deed of trust; and on the 28th day of February, 1925, after complying with all the provisions of law and terms of the deed of trust, he sold and conveyed the said lands to the complainant H. E. Wilkinson, and said deed is duly recorded, and a

copy is made an exhibit to the bill. It was further alleged that prior to the time of the said sale the complainant H. E. Wilkinson purchased from S. D. Neill and A. B. Clark their interest in the lands by deed dated the 28th day of February, 1925, and recorded in the records of the county, and a copy is made an exhibit to the bill; and by virtue of the said deed the complainant is the owner of an undivided fee-simple unincumbered one-half interest in the lands described, and is entitled to the immediate possession thereof as a tenant in common with the said G. A. Wilson, Jr.

It was further alleged that the said G. A. Wilson, Jr., attempted to convey to L. Barrett Jones, as trustee for the Mississippi Fire Insurance Company, all the lands described in the bill; and that the said deed constitutes a cloud upon the title of the complainant to an undivided one-half interest in said lands; and that he is entitled to have the said deed of trust canceled in so far as it constitutes a cloud or pretends to be a lien upon the interest of the complainant. It was further alleged that the Wilson Banking Company is pretending to hold some sort of a claim on the interest of the complainant in the said lands, and complainant is entitled to have the said deed of trust canceled in so far as it affects his title; and that the interest in the said lands pretended by the Wilson Banking Company, by virtue of the deed of trust from Franklin and Green to it, is subordinate to the lien and title of the complainant, and that the said deed of trust has, in fact, been paid in full. It is then averred that G. A. Wilson withholds from the complainants possession of the entire tract of land, and is farming and operating the same through a tenant, and complainant is entitled to an accounting for the said interest, or to have a receiver appointed to collect the rents therefor, and that he is entitled to a personal decree against G. A. Wilson, Jr., for one-half of the rents for the year 1925, and a lien on the crops decreed on said premises in said

year. Complainant asked for the appointment of discreet freeholders to make partition of said lands, and to divide the same as nearly as possible into two equal parts, and have their report made to the court, and a partition decreed in accordance with the bill.

The defendants filed answer and cross-bill setting up that they were, by virtue of the foreclosure of the deed of trust from Franklin and Green and the waiver of J. W. Wilkinson of his deed of trust against Franklin and Green in favor of the Mississippi Fire Insurance Company, entitled to full title to said plantation, and also setting up that the sheriff's deed to Neill & Clark was void, among other things because of the inadequate consideration, and also by virtue of the waiver executed by J. W. Wilkinson that he was estopped from acquiring the title from Neill & Clark, if they had any title thereto. The defendants also filed cross-bill in which they set up that the judgment against Ed Franklin was void because at the term of the court at which it was rendered the judge of the said court had agreed with Franklin, who was ill at the said time, that all cases against him would be continued for the term, as it was necessary for him to leave the county and go to a health resort for the purpose of recovering his health; and that the said judgment taken against him was by inadvertance on the part of the judge.

It appears from the record that after the judgment was rendered against Ed Franklin, he, not knowing of the judgment in fact, made up an abstract of title to the Cottondale Plantation for the purpose of procuring a loan from the Mississippi Fire Insurance Company, and that the abstract of title to the said Mississippi Fire Insurance Company did not note the fact of the said judgment, and that the Mississippi Fire Insurance Company made a loan of sixty-five thousand dollars in ignorance of the said judgment; that at the instance of Franklin another firm of attorneys certified to the ab-

stract, and certified, at the réquest of Franklin and in reliance upon his statement that it was clear, the lien of the Mississippi Fire Insurance Company was the first lien, and that it loaned the said money on the faith of said abstract, and that Franklin acted in good faith in the matter in ignorance of the fact that a judgment had been rendered. It appears from the record that when Franklin learned of the existence of the judgment, he filed a proceeding in the circuit court to have it set aside and vacated because of the said agreement with the circuit judge above referred to, but the circuit court refused to vacate and set aside the judgment, and on appeal from that order the case was dismissed here. *Franklin* v. *Neill & Clark,* 146 Miss. 157, 110 So. 368, and said judgment became final and binding.

The waiver of J. W. Wilkinson in favor of the Mississippi Fire Insurance Company of the deed of trust against Franklin and Green referred to above reads as follows:

"For value received, I, J. W. Wilkinson, the owner and holder of that certain deed of trust and indebtedness secured thereby, executed by Ed Franklin and wife, Daisy Franklin, and R. R. Green and wife, Laura M. Green, to Wayne Thompson, trustee, bearing date January 1, 1918, and recorded in Book I-5, on page 272 of the Land Deed Records of Sunflower county, Mississippi, do hereby waive my said lien under said trust deed in favor of the Mississippi Fire Insurance Company and in favor of a trust deed executed by the said Ed Franklin, R. R. Green and wife, L. M. Green, dated April 26, 1922, and recorded in Book R-6, at page 212 of the Land Deed Records of Sunflower county, Mississippi, for the sum of sixty-five thousand dollars.

"This waiver is made with the understanding and for the purposes that the said Mississippi Fire Insurance Co. may have a first lien upon the said Cottondale Plantation, and that the deed of trust to me first above men-

tioned is to be subordinate to the deed of trust to the said Mississippi Fire Insurance Co.

"Witness my signature this the 12th day of May, 1922.

"J. W. WILKINSON."

(Duly acknowledged.)

It will be noted that this is a mere waiver and that Wilkinson did not agree to procure a first lien for the insurance company. No estoppel arises from the waiver as to the execution deed.

It appears from the record in the cause that R. R. Green was in possession of Cottondale Plantation and became financially embarrassed to the extent that he could not operate the plantation without aid. He thereupon notified the Wilson Banking Company of his situation, and that it was necessary for him to have money to pay taxes and to settle with the labor on the plantation, or else the labor would leave the plantation, and it would become damaged and could not be operated, as it was quite late in the season to make new contracts. Thereupon the Wilson Banking Company advanced certain money to pay the taxes and settle with the labor and undertook, or was endeavoring, to make arrangements by which another outstanding mortgage against Green could be carried over. In the meantime Franklin became bankrupt and was adjudged a bankrupt, and as there was a provision in the deed of trust to the Mississippi Fire Insurance Company that, in that event, it would have the right to foreclose its deed of trust before the maturity of all the indebtedness, and Wilson Banking Company gave notice to Wilkinson that if its debt was not paid by a given date it would proceed to foreclose. Wilkinson took up with Wilson Banking Company the proposition of paying interest and taxes with a view of getting a postponement of the foreclosure and had a conference or conversation with Green, and by Green sent a proposition to Wilson Banking Company, or G. A. Wilson, Sr., with the request that Green notify him if

the proposition was not satisfactory; but Green appears not to have notified Wilkinson concerning the matter, and the Mississippi Fire Insurance Company proceeded to advertise the land for sale. Wilkinson did not know of this for some days, when he saw an advertisement in the paper. He thereupon went to Memphis with a view of making financial arrangements to buy in the place at the foreclosure under the Mississippi Fire Insurance Company's deed of trust, believing at the time that the Mississippi Fire Insurance Company had a first lien upon the property, and he made the arrangement; but the Memphis bank sent the check to its attorney to pay over at the sale in case Wilkinson bought the property at the said sale. Wilkinson and the attorney of the bank, who was also the personal attorney of Wilkinson and who was dead at the time of the trial and unable to testify, proceeded to the place of sale, and having some question in mind as to some legal proposition about a fee of the trustee and attorney's fee, this attorney went to the office of Neill & Clark and examined the case which he had in mind and related to them that he was there for the purpose of buying the Cottondale Plantation under the foreclosure sale. After this attorney left the office, Mr. Clark, of the firm of Neill & Clark, stated to his partner, Mr. Neill, that it was evident that the attorney did not know of their execution deed, and it appeared to him that it would be proper for him to tell the attorney of the existence of this execution deed, and his partner acquiesced in this view, and he did disclose to the attorney referred to the fact, and the attorney and he went to the courthouse and examined the papers, and the attorney declined to make the advance of money to Wilkinson, and neither this attorney nor Wilkinson bid at the said sale. In view that there was some correspondence between this attorney, or Wilkinson, and the attorneys for the Mississippi Fire Insurance Company, this was

a surprise to G. A. Wilson, Jr., and the trustee, as they were expecting Wilkinson to bid for the property.

G. A. Wilson, Jr., had arranged with the Mississippi Fire Insurance Company to bid the property in for sixty-five thousand dollars plus the advance money made by the Wilson Banking Company to R. R. Green above stated, and taxes and interest, but he started the bid at the trustee's sale at fifty thousand dollars, and no other person having made any bid, the trustee sold the lands to G. A. Wilson, Jr., at and for the sum of fifty thousand dollars. G. A. Wilson borrowed the money from the Mississippi Fire Insurance Company and gave to it a deed of trust for the sixty-five thousand dollars and interest, and expenses, and taxes accrued, and the advance referred to.

It appears further from the record of the testimony of H. L. Wilkinson, a brother of the complainant and also a brother of J. W. Wilkinson, the original holder of the deed of trust given by Franklin and Green, that he reached the conclusion that the Mississippi Fire Insurance Company, through its president, G. A. Wilson, Sr., who was also the president of the Wilson Banking Company, was trying to defeat him in his rights and to get the plantation free from his deed of trust and claims above set out, and having this in mind at the foreclosure sale he (H. L. Wilkinson) was there to bid for H. E. Wilkinson but had been prevented by failure to get the money. He sought out Neill & Clark and discussed with them an arrangement by which he could acquire for H. E. Wilkinson the title of Neill & Clark and then foreclose his own deed of trust and acquire the one-half interest in the plantation, and they discussed the matter at that time, and it was agreed that some arrangement would be made by which they would pool their interests and act together in the matter in trying to protect their interests. He thereupon had the deed of trust to J. W. Wilkinson from Franklin and Green advertised for sale, and it was

afterwards sold, at which sale H. E. Wilkinson became the purchaser, and H. E. Wilkinson gave his personal check to Neill & Clark for fifty dollars, with an agreement that whatever benefit resulted from the proceedings would be divided between H. E. Wilkinson and Neill & Clark, and on the day of the trustee's sale Neill & Clark executed a deed to H. E. Wilkinson for their interests in Cottondale Plantation for the sum of fifty dollars and with the understanding above stated.

After the Neill & Clark judgment and execution deed was discovered by G. A. Wilson, Jr., he sought out one Bollis, who had a one-half interest in the judgment taken in the name of Neill & Clark against Burrow and Franklin, and procured from Bollis a deed to Bollis' interest in the lands or in the judgment, and Bollis made him a deed to his interest. It was testified by A. B. Clark, and not disputed, that when he took up the arrangement with Bollis on or near the day of the foreclosure by the Mississippi Fire Insurance Company of its deed of trust and explained to him the conversation and proposed arrangement with H. E. Wilkinson above mentioned, Bollis agreed that whatever Neill & Clark thought best to do would be all right with him, and they could exercise their best judgment in the matter. Neill & Clark had the legal title, and under this agreement sold it to Wilkinson.

The chancellor, on the hearing, held the execution deed to be void for the reason that he deemed the consideration wholly inadequate, the amount of money bid by Neill & Clark at the execution sale being fifty dollars. It appears from the record, however, that there were incumbrances of record in Sunflower county having priority over the Neill & Clark judgment to the amount approximately of seventy thousand dollars.

We think the chancellor was in error in holding this execution deed void for inadequate consideration, because to measure the consideration you would have to add to the bid of the purchaser at the execution sale the

amount of incumbrances standing between that deed and the full title to the property bid on. We think this view is a sound one, and is supported by the case of *Baldwin v. McGee* (Miss.), 14 So. 451. The chancellor was therefore in error in holding the execution deed void. The chancellor refused to find whether the Mississippi Fire Insurance Company and G. A. Wilson were entitled to subrogation because he deemed that issue not essential in view of the holding on the execution deed, and by virtue of the waiver the Mississippi Fire Insurance Company had the superior lien except for this execution deed and judgment. It appears from the record that the money obtained from the Mississippi Fire Insurance Company on its deed of trust went to discharge the Kirkland deed of trust, and the deed of trust of the Wilson Banking Company, and some three thousand odd dollars were paid on the Wilkinson deed of trust at the said time. Inasmuch as this money went to liquidate demands prior to the Wilkinson deed of trust, unless it be the deed of trust of the Wilson Banking Company, which is claimed was junior and inferior because of the fact that the grantors therein had no title at the time (which we leave for the chancellor's determination), the court will, on the rehearing, decree subrogation to the Mississippi Fire Insurance Company and G. A. Wilson to the extent of making the Mississippi Fire Insurance Company whole, and will also decree whatever equity Bollis had, which appears to be a one-fourth interest in whatever proceeds are finally worked out, to G. A. Wilson, Jr., under the deed. This deed to G. A. Wilson, Jr., however, did not convey any interest in the lands, as Bollis had theretofore expressly authorized his attorney to make the deal with H. E. Wilkinson which was made, but his equity in the proceeds will be awarded to G. A. Wilson, Jr.

The decree of the court will therefore be reversed and the cause remanded, directing the partition of the prop-

erty and an accounting and working out of the subrogation herein directed.

*Reversed and remanded.*