## STATE *v.* N. W. TINGLE.

[60 South. 728.]

1. CRIMINAL LAW. *Seduction. Indictment. Promise of marriage. Single woman. Demurrer. Time of offense. Statement of different offenses. Courts. Rules of decision. Obiter dicta. Code 1906, section 1426.*

An indictment for seduction which charges a feigned promise of marriage, and that by virtue of the feigned promise, defendant did "unlawfully and feloniously carnally know her," clearly

alleges the artifice employed to accomplish the seduction and further the felonious character of the carnal knowledge.

2. SAME.

An indictment for seduction which charges that defendant unlawfully, and by virtue of a feigned promise of marriage, had carnal knowledge of "Miss C," a female over the age of eighteen years of previous chaste character, sufficiently charges that the promise was made to a single woman.

3. SAME.

The failure of an indictment for seduction to allege that the crime was committed within two years prior to the filing of the indictment is not ground for demurrer.

4. SAME.

An indictment properly filed is in no way changed or affected by a writing on the back of the paper which was a mere memorandum and forms no part of the indictment.

5. COURTS. *Rules of decision. "Dicta." Obiter dicta.*

*Dicta* are opinions of a judge which do not embody the resolution or determination of the court and made without argument or full consideration of the point and are not of binding force as the decision of a court. *Obiter dicta* are opinions uttered by the way, not upon the point or question pending, as if turning aside for the time from the main topics of the case to collateral subjects.

6. SEDUCTION. *Indictment. Person to whom promise of marriage is made.*

An indictment charging that defendant unlawfully and by virtue of a feigned promise of marriage, had carnal knowledge of Miss "C," a female over the age of eighteen years, of previous chaste character, contrary to the statute, was not demurrable on the ground that it failed to charge that the promise of marriage was made to Miss "C," or to any other person named in the indictment.

APPEAL from the circuit court of Neshoba county.

HON. C. L. DOBBS, Judge.

N. W. Tingle was indicted for seduction. From a judgment sustaining a demurrer to the indictment, the state appeals.

103 Miss. 43

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* assistant attorney-general for the state.

I have examined with some care the authorities on this proposition, and so far as I have been able to find not a single authority sustaining the decision that an indictment is demurrable for a failure to allege the promise was made to the female who was seduced.

In the case of *People* v. *Huguira,* 122 Cal. 466, the su preme court of California, in passing on a question precisely similar to that involved in the case at bar, sustained the indictment, and held that it was not necessary to make the averment that a promise was made to the female seduced.　In disposing of that assignment of error, the court said:

"It is contended that the information does not state this public offense.　It is charged 'did unlawfully, willfully, and feloniously, under a promise made by him that he would marry and take as wife one Josefa Valinzuela, an unmarried female person of previous chaste character, etc.'　It is insisted that the promise of marriage must be made to the female and that here it is not so alleged.　This allegation of the information is in the language of the statute, and we deem it sufficient. Probably it would have been better pleading if there had been an allegation direct that the promise was made to the female, but the offense being in the language of the statute, we hold the information sufficient."

The case of *State* v. *Allsbreisch,* 41 Minn. 41, 42 N. W. 543, is a case directly in point.　The court there held that it was not necessary there to allege that the promise was made to the female directly.　It is a rule of pleading that it is sufficient to charge an offense in the language of the statute creating the offense, unless some added element, as of malice, or some similar element, is to be alleged or where it is made a felony, the word "felonious"

is, and must be used, because it characterizes and describes the offense, and that an indictment is sufficient that charges an offense in the language of the statute. As to that I cite the following authorities: *Steinhouse* v. *State,* 47 Ind. 17; *State* v. *Ekler,* 106 Mo. 585, 17 S. W. 814, 27 Am. St. Rep. 372; *State* v. *Curran,* 51 Iowa, 112; *State* v. *Wheelan,* 98 Iowa, 662, 68 N. W. 552; *People* v. *Fowler,* 88 Cal. 136, 25 Pac. 110; *Coghill* v. *Commonwealth* (Ky.), 13 S. W. 916; *State* v. *Primm,* 98 Mo. 368, 11 S. W. 732; *Wilson* v. *State,* 73 Ala. 527; *Carlisle* v. *State,* 73 Miss. 387, 19 So. 207. This last case cited from Mississippi is a seduction case under the statute denouncing the seduction of females under the age of eighteen by any means or in any manner whatever, and is a strong case by analogy, holding that it is sufficient to charge the offense in the language of the statute.

I can see absolutely no reason in the case at bar why the defendant should go unwhipped of justice for his crime if he is guilty of the crime for which he is charged. If this proceeding is sustained, and this indictment is declared void, then his prosecution will have been barred by the statute of limitations, and he cannot be punished; and even if he could be it would be apparent that the state would be greatly embarrassed in the prosecution of the case, and in all probability would have great difficulty in securing another indictment. It is perfectly apparent from the record, to my mind, that the appellee and his counsel thoroughly understood what the crime was with which he was charged, and that everybody else who heard the indictment read knew precisely what was charged against him. Of course it is a matter of defense, if it should appear that the defendant did not promise the female to marry her, prior to his seduction of her, it would be the duty of the court to give a peremptory instruction.

If the case of *Norton* v. *State,* 72 Miss.——, is understood by this court as holding that an indictment should

be demurrable because of the failure to make specific allegations, I submit that the decision should be modified so as not to so. hold. But if this holding was right on that authority, and if it was the court's duty to sustain the demurrer as it was presented, it certainly committed an error in refusing to permit the district attorney to amend the indictment so as to charge the offense. According to the decision in *Norton* v. *State*, an indictment at least charges the commission of the offense, and at most it was a mere defect of pleading not to have alleged the promise to have been made directly to the female.

Section 1426 of the Code of 1906 provides: "All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases, and before the jury shall be empaneled in all other cases, and not afterwards and the court, for a formal defect, may, if it be though necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

Under this state, and under the decision in the Norton case, at least it was a mere defect, formal in quality, not to set forth this allegation in the indictment, and the demurrer should not have been sustained when the district attorney offered to amend the indictment, and at least he should have been allowed to insert the allegation and proceed with the trial.

Cook, J., delivered the opinion of the court.

The circuit court of Neshoba county sustained a demurrer to an indictment preferred against appellee by the grand jury of that county, which, omitting the formal part, is as follows: "N. W. Tingle, late of the county. aforesaid, on the —— day of ——, A. D. 1909, with force and arms in the county aforesaid, and within the jurisdiction of this court, did unlawfully and willfully, under

and by virtue of a feigned promise of marriage, obtain carnal knowledge of Miss Ida Clark, a female over the age of eighteen years, she being a previous chate character; and the said N. W. Tingle, by virtue as aforesaid of said feigned promise of marriage, did, unlawfully and feloniously, carnally know her, the said Miss Ida Clark, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi.''

The grounds of demurrer are these: "(1) That the said indictment fails to charge that the promise of marrigae was feloniously made. (2) Because the indictment fails to charge the feigned promise of marriage made by defendant was made to Miss Ida Clark, or to any other person named in the said indictment. (3) Because the said indictment fails to charge the feigned promise of marriage was made to a single woman. (4) Because the said indictment fails to allege that the commission of the crime, of which defendant is charged, was committed within two years prior to the finding of the indictment, if committed at all. (5) Because the said indictment is marked and filed, and charges upon the back of same the crime of embezzlement, when the body of the indictment undertakes and seeks to charge the crime of seduction.''

The first ground of demurrer is without merit, for the indictment charges a feigned promise of marriage; and, by virtue of the feigned promise, defendant did "unlawfully and feloniously carnally know her.'' The indictment alleges clearly the artifice employed to accomplish the seduction, and further the felonious character of the carnal knowledge.

In *Ferguson* v. *State,* 71 Miss. 805, 15 South. 66, 42 Am. St. Rep. 492, this court has disposed of the third ground of the demurrer.

We think the fourth ground is not maintainable. *Carlisle* v. *State,* 73 Miss. 387, 19 South. 207; section 1426. Code of 1906.

The fifth ground is entirely without merit. The indictment was properly filed, and the crime charged is in no way changed or affected by what was written on the back of the paper; this was a mere memorandum, and forms no part of the indictment.

The second ground of demurrer presents some difficulty, on account of some of the language used by this court in *Norton* v. *State,* 72 Miss. 130, 16 South. 264, 48 Am. St. Rep. 538. That case has been carefully considered, and we are of opinion that the language relied on to support the action of the trial court in sustaining the demurrer formed no part of the real decision of the court. While it is true the opinion says, "If a demurrer had been interposed below, it should have been sustained," but, as a demurrer was not before the court, the quoted language can have no weight as a precedent; it being merely the *dicta* of an eminent lawyer and distinguished judge. *"Dicta* are opinions of a judge which do not embody the resolution or determination of the court, and, made without argument or full consideration of the point, are not the professed deliberate determination of the judge himself; *obiter dicta* are opinions uttered by the way, not upon the point or question pending, as if turning aside for the time from the main topic of the case to collateral subjects." Black's Law of Judicial Precedents, p. 167.

In discussing the question before the court for its decision, Judge Whitfield, speaking for the court, used this language: "We think this is a very defective allegation in the particular under consideration; but still there is, by necessary implication, the allegation that the promise was one made by defendant to Katie Douglass. No other construction, not too fanciful to serve as the basis of a judgment of reversal, can be made. . . There can be no sound and satisfactory meaning given to this allegation, looking to the whole indictment, other than that the promise in question was one made by defendant

to Katie Douglass, defective as the allegation manifestly is." The latter sentence clearly and forcibly expresses our construction of the allegation of the indictment in the present case, and necessarily renders the indictment good, whether the point be raised by demurrer or motion to quash. It is difficult to perceive how the statute, by judicial consideration, can be held to mean, by necessary implication, that the promise of marriage must be made to the female seduced, and at the same time that a charge preferred by indictment in the very language of the statute does not sufficiently advise the person indicted of what the state proposes to prove under the indictment.

If the court knows what the language of the statute means, it necessarily speaks the same language to all, whether they be lawyers, judges, or ordinary citizens.

*Reversed and remanded.*