LOPOSSER *v.* STATE EX REL. GAUSE.

[70 South. 345.]

1. ELECTIONS. *Contests. Remedies.*

Under Code 1906, section 4186, providing that a person desiring to contest the election of another, returned as elected to an office within any county, may within twenty days file a petition in the office of the clerk of the circuit court of the county setting forth the ground upon which the election is contested and section 2439, providing that all the provisions of law on the subject of state and county elections shall govern municipal elections; a demurrer should be sustained to a *quo warranto* proceeding. brought by a contesting candidate for the office of marshall of a town operating under the code municipal chapter, more than twenty days after the election and where the information

charged that the election commissioners erred in counting the votes and that he should have been inducted into office, since the procedure for contesting such an election provided by section 4186, Code 1906, is exclusive.

2. EVIDENCE. *Judicial notice.*

The court will take judicial notice that a given municipality was incorporated under the Code municipal chapter. and not under a special charter.

APPEAL from the circuit court of Harrison county.

HON. J. H. NEVILLE, Judge.

*Quo warranto* by state, on relation of S. T. Gause against A. W. Loposser. From a judgment of ouster, respondent appeals.

This suit was begun by information filed by the state of Mississippi, on the relation of S. T. Gause, being a *quo warranto* proceeding to inquire into the legality of the election of appellant, who had been declared elected as marshal of the town of Handsboro, as the result of an election in which appellant and Gause were opposing candidates for this office; it being alleged that the election commissioners of said town had made a return to the board of mayor and aldermen that the relator had received twenty-three votes and the appellant twenty-five votes. It is charged in the information that certain votes cast for the appellant were illegal, and that as a matter of fact the relator received a majority of the legal votes cast at said election. The prayer of the bill is that the appellant be ousted from the office of marshal and the relator declared elected to said office.

The appellant filed a demurrer, and set up the fact: That the town of Handsboro operates under chapter 99 of the Code of 1906, entitled "Municipalities," and that the effect of the proceeding in this case is in substance a contest between the relator and the appellant, and is governed exclusively by section 4186 of the Code of 1906, being in the chapter of said Code on the subject of "Registrations and Elections," and which said section provides that "a person desiring to contest the election of

another person returned as elected to an office within any county' may within twenty days after the election file a petition in the office of the clerk of the circuit court of the county setting forth the ground upon which the election is contested," etc., and that under section 4187 such cases as are triable in vacation in the manner prescribed for proceedings in the nature of *quo warranto*, and that under section 3439 of the Code, it being a part of the chapter on "Municipalities," "all the provisions of law on the subject of state and county elections, so far as applicable, shall govern municipal elections." That said election was held on December 9, 1914, and this suit was not filed until some time in February, 1915, more then twenty days after said election, and after the time when contest could be filed under section 4186. The court overruled the demurrer, and the case went to trial, and the verdict of the jury was in favor of the relator, and judgment entered accordingly, from which this appeal is prosecuted.

*J. L. Heiss* and *Money & Brown,* for appellant.

*Mize & Mize,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The ground upon which appellee seeks to oust appellant from the office to which he has been declared elected is, not that he is disqualified to hold the office or that the election was illegally held, but that the election commissioners erred in counting the votes cast at the election, so that the cause comes within section 4186 of the Code, which, under section 3439 of the Code, is applicable to code chapter municipalities. The town of Handsboro being a code chapter municipality, and the procedure for contesting an election provided by section 4186 being exclusive (*Ex parte Wimberly,* 57 Miss. 437), appellant's demurrer to the petition should have been sustained.

It is true that it does not appear from the petition that Handsboro is not governed by a special charter, but this fact is immaterial, for we judicially know that it was incorporated under the code chapter on municipalities by proclamation of the Governor on the 13th day of March, 1899, as appears from the records of the secretary of state. In two of the cases, *Kelly* v. *State ex rel. Kierskey,* 79 Miss. 168, 30 So. 49 and *Bourgeois* v. *Laizer,* 77 Miss 146, 25 So. 153, called to our attention in this connection, municipal elections were contested by means of a proceeding in the nature of a *quo warranto,* but in neither of these cases was the question of jurisdiction raised, no doubt for the reason, as the fact is, that both the municipalities there involved were operating under special charters.

*Reversed and dismissed.*