HARRINGTON *v.* YAZOO & M. V. R. Co.*

(Division A.   Feb. 21, 1927.)

[111 So. 444.   No. 26296.]

1.  APPEAL AND ERROR.  *Laws reducing time for appeal held prospec-tive only (Laws 1926, chapter 153).*

    Laws 1926, chapter 153, providing that appeal to supreme court shall be taken within six months next after rendition of judg-

ment, is prospective only, and does not apply in case of a judgment rendered before it became effective, and when time limited for appeal was a year from rendition of judgment.

2. COURTS. *Announcement by court on question not in the case is not controlling in subsequent case.*

Where appeal from judgment rendered before enactment of statute changing time for appeal from one year to six months from rendition of judgment was taken within six months from passage of statute, announcement by court that appeal must be within six months from passage of statute was on a question not presented for decision, and so not controlling in a subsequent case.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 1042, n. 20. Courts, 15CJ, p. 950, n. 55; Limitation of Actions, 37CJ, p. 695, n. 27, 28.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.

Action between Jacob Harrington, administrator of Effie Harrington, deceased, and the Yazoo & Mississippi Valley Railroad Company. From the judgment, the administrator appealed. On motion to dismiss appeal. Motion overruled.

*Colson & Guy,* for appellant.

*Gardner, Odom & Gardner* and *Burch, Minor & McKay,* for appellee.

Argued orally by *H. T. Odom,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee has filed a motion to dismiss this appeal on the ground that it was taken after the time allowed therefor had expired. The judgment appealed from was rendered on the 13th day of November, 1925, and the appeal was taken on the 10th day of November, 1926, a few days before the expiration of one year from the rendi-

tion of the judgment. When the judgment was rendered, the statute (chapter 222, Laws of 1916) provided that appeals to the supreme court should "be taken within one year next after the rendition of the judgment or decree complained of." On March 8, 1926, chapter 153, Laws of 1926, became effective, and provides that "appeals to the supreme court shall be taken within six months next after the rendition of the judgment or decree complained of, and not after." Counsel for the appellee do not contend that this appeal was barred within six months after the judgment appealed from was rendered; their contention being that the appeal should have been taken within six months after this second statute was enacted.

The determination of the effect, if any, of statutes of limitations on causes of action that accrued prior to the enactment of the statutes, and to which they do not refer, has given the courts considerable difficulty, as will appear from 37 C. J. 694 *et seq.* It is there said that—

"If an action accrued more than the limited time before the statute was passed, a literal interpretation of the statute would have the effect of absolutely barring such action at once. Such an intent would be unconstitutional, and it will be presumed not to have been in the mind of the legislature. To avoid such a result and to give the statute a construction that will enable it to stand, different modes have been adopted by the various courts. One is to make the statute apply only to causes of action arising after its passage; thus leaving all actions existing at the passage of the act under the operation of prior limitation laws or without any limitation whatever. On the other hand, the rule is frequently laid down that, inasmuch as statutes of limitation affect the remedy only, the statute in force at the time of suit brought governs the case and operates, in the absence of saving clauses on causes of action accruing prior to its passage, especially if the statute extends, instead of

shortens, the pre-existing limitation period. And, in giving effect to this view, the rule adopted in some jurisdictions is to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires, which reasonable time is to be estimated by the court, leaving all other actions, accruing prior to the statute, unaffected by the statute, while the construction adopted by many other courts is to consider the statute as affecting existing causes of action only from the time when they are first subjected to its operation, unless at least they are sooner barred under the old law.''

This court, according to that text, must be classed with those jurisdictions which hold that a statute of limitation of actions applies only to causes of action arising after its passage, leaving all actions existing at the passage of the statute under the operation of prior limitation laws, in support of which the cases of *Garrett* v. *Beaumont*, 24 Miss. 377, and *Boyd* v. *Barrenger*, 23 Miss. 269, are cited. The case of *West Feliciana R. R. Co.* v. *Samuel Stockett, Administrator*, 13 Smedes & M. 395, is also in point; and, while the statute there was not identical with the one here, the rule that should be applied to each is the same. In that case an administrator was sued on a promissory note executed by his intestate in May, 1842, payable on the 1st day of November of the same year. When the note was given and became due, the period of limitation for suit thereon was six years. The maker of the promissory note died prior to, and the administrator was appointed on the 13th day of November, 1843. On February 24, 1844 (Laws 1844 chapter 9), a statute was enacted which provided that no action at law or in equity shall be brought against an executor or administrator after the expiration of four years from the qualification of such executor or administrator. The suit was brought more than four years after the passage of this statute, but within six years from the ma-

turity of the note. The court disposed of this defense on two grounds, the first of which was that the act of 1844 did not have a retroactive effect, using the following language:

"Administration was granted before the passage of the act, and it was certainly not the intention of the legislature to give it a retrospective effect. If so, many claims may have been barred the moment the statute was passed. The legislature may pass an act of limitations which shall apply to existing causes of action, but reasonable time should be allowed within which suits may be brought. But if the act is silent as to any such intention, it cannot be construed to apply to such cases, when such construction would cut off all remedy. If this statute commenced to run in this case from the grant of administration, of course it did so as to all administrations granted before its passage. *Our conclusion is that the act was prospective; that it was only intended to declare that, as to administrators thereafter to be appointed, the bar should commence from the qualification of the administrator.*" (Italics ours.)

Applying this language to the statute here under consideration, we must hold that it was prospective, and was only intended to declare that as to judgments and decrees thereafter to be rendered the bar should commence from the rendition thereof.

Counsel for the appellee rely on the case of *Franklin v. Neill & Clark* (Miss.), 110 So. 368, wherein this statute was under consideration. In that case the judgment appealed from was rendered prior to the enactment of the statute, and the appeal was taken within one year from the rendition of the judgment, and within six months from the passage of the statute. The contention there was that the statute was retroactive, and, as the appeal was taken after the expiration of six months from the rendition of the judgment, it was barred thereby. This court overruled this contention, saying that—"the statute was intended to affect appeals only from judg-

ments rendered after its passage and approval, and that judgment rendered before the approval of the amended act are not controlled by it.''

This announcement disposed of the case, but the court did proceed further, saying:

''Except that appeals from such judgments must be prosecuted within the prescribed six months' period immediately following the passage and approval of the amended statute.''

As the appeal was taken within six months from the passage of the statute, the question of whether an appeal from à judgment rendered prior to its passage, taken more than six months after its passage, would be barred, was not presented for decision, and consequently could not have been there decided. This announcement was therefore only an expression of opinion on a question not presented for decision, and which the court could not then decide; consequently is not within the rule of *stare decisis;* and there is not controlling here. *Adams* v. *R. R. Co.,* 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33; *State* v. *Tingle,* 103 Miss. 672, 60 So. 728.

*Overruled.*