WEISINGER *v.* McGEHEE.

(Division A. May 4, 1931.)

[134 So. 148. No. 29358.]

Kennedy & Geisenberger, of Natchez, for appellant.

L. A. Whittington of Natchez, **D. R. McGehee**, of Mead-
ville, and **Wells, Jones, Wells & Lipscomb**, of Jackson,
for appellees.

428

**Smith, C. J.,** delivered the opinion of the court.

The appellant filed an information in the nature of a quo warranto against the appellee to try the right to the office of superintendent of education of Franklin county, which office was claimed by both, the duties of which were being discharged by the appellee. From a judgment dismissing the information the appellant has brought the case to this court.

It will not be necessary to set forth the pleadings by which the questions for decision were presented, and no attempt will be made to do so.

It appears from the record that the parties hereto were candidates for the office of county superintendent of education of Franklin county in a special election held therefor in December, 1928; and the appellee was declared elected by the election commissioners, which declaration was contested by the appellant, under the provisions of the statute now appearing as section 6258, Code 1930. This proceeding finally resulted in a judgment for the appellant. The appellee declined to surrender the office, notwithstanding this judgment, necessitating this proceeding to try the right thereto.

The appellee admits the validity of the certificate of election awarded the appellant by the judgment of the court in the contested election case, her contention being that the appellant has removed from the state, and is therefore ineligible to the office into which she seeks to be inducted.

Under sections 241 and 250 of the state Constitution, inhabitants of the state only are eligible to public office, and the statute appearing as section 2908, Code of 1930,

provides: "If any state, district, county, county district, or municipal officer shall remove out of the state district, county, or municipality for which he was elected or appointed, during the term of his office, such office shall thereby become vacant, and the vacancy be supplied as by law directed." If the appellant has removed from the state, she has lost the right which her election gave her to the office.

One of the appellant's contentions is that whether she has removed from the state was presented to, and decided by, the court in the contested election case, and is therefore a closed question here. The question is, not whether the appellant was a resident of the state when the contested election case was decided, but whether she is such now. We will assume for the purpose of the argument, but without deciding, that if the judgment in the contested election case is within the rule of res adjudicata here, it would render incompetent some of the evidence introduced by the appellee in support of her claim that the appellant is not eligible to the office of county superintendent.

The appellant, at the time of the special election, and when the contest growing thereout was pending, was an unmarried woman, her surname being Guice. After that case reached this court on appeal, a motion was made therein by the present appellee to dismiss the appeal, for the reason that the appellant had removed from the state, and therefore was ineligible to the office. In reversing the judgment of the court below, and remanding the case for a new trial, the court (Guice v. McGehee, 155 Miss. at page 874, 124 So. 643, at page 648) stated why it would not sustain the motion to dismiss the appeal, and said, "We do not decide whether either this court or the trial court is authorized to determine this question in a contested election case." In response to a suggestion of error filed therein (155 Miss. at page 874, 125 So. at page 433), the court said that the question of

the appellant's ineligibility to the office could not be raised by a motion to dismiss her appeal, "but only by plea in bar of the appeal." This disposed of the whole matter then before the court; but it said further, "If the appellant is in fact disqualified from holding the office, she should not maintain the suit in this case, being a contest between claimants to office and not a proceeding by the state to remove from office."

On the return of that case to the court below, the appellee, there and here, filed a plea, setting forth that the appellant had removed from the state, and therefore was ineligible to the office; on which evidence was heard and the jury instructed.

The sole issue which the court that tried the contested election case was authorized to submit to the jury is that prescribed by section 6258, Code of 1930, which is that it "shall find the person having the greatest number of legal votes at the election." This seems to have been the only issue there considered by the jury for the verdict returned by it was: "We the jury find for the contestant, Mrs. Ada Guice, and that she received the greatest number of legal votes in said election." But aside from that, and expressing no opinion thereon, the judgment of the court in that case cannot be res judicata here of the question of the appellant's removal vel non from this state for "it is of course obvious that issues outside of the jurisdiction of the court to determine, cannot become res judicata by virtue of its judgment." 2 Freeman on Judgments (5 Ed.), section 699; 34 C. J. 935; Scully v. Lowenstein, 56 Miss. 652; Lake v. Perry, 95 Miss. 550, 49 So. 569; Reinecke v. Reinecke, 105 Miss. 798, 63 So. 215.

But it is said by counsel for the appellant that this court held, on the appeal thereto in the contested election case, that the eligibility, vel non, of the appellant could be tried on the return of that case to the court below.

In its opinion reversing the case, as hereinbefore set forth, the court expressly stated that it would not decide that question. In the opinion on the suggestion of error it did state that, "If the appellant is in fact disqualified from holding the office, she should not maintain the suit in this case." The question with which the court was then presented was whether or not the eligibility vel non of the appellant to the office could be raised by a motion to dismiss her appeal; and when it decided that it could not, the court divested itself of the right to decide what it would hold, or what the court below should hold, when the question should be properly presented, and therefore what it may have then said relative thereto is not within the rule of stare decisis. State v. Tingle, 103 Miss. 672, 60 So. 728. 'The wisdom of this rule is here apparent, for the court there said that it was "without briefs thoroughly presenting the question."

Coming now to the merits of the question of appellant's eligibility to the office, it appears from the evidence, in substance, that prior to December, 1928, when the special election herein was held, the appellant had been living with her parents in Franklin county, but was then in New Mexico, teaching school. She came to Mississippi for the election, but returned thereafter to New Mexico, where in February, 1929, she married R. E. Weisinger, an employee of a railroad company, who lives where his duties for the time being require. They lived for the greater part of the time after their marriage in Slayton, Texas, where they were living at the time of the trial of this case in the court below. After their marriage they came to Mississippi for the purpose of attending the trial of this case, remaining only long enough therefor; and the appellant has made, since her marriage, several short visits to relatives in Mississippi. She testified that it was her intention to return to Mississippi in event she succeeded in obtaining the office here in controversy; but it seems reasonably clear from the evidence that neither she

nor her husband have any intention, in event she does not succeed in obtaining the office, of returning to Mississippi. At most, the evidence in support of such an intention is obscure. The appellant was registered in Franklin county, and voted in the special election at which she was elected to the office here in question.

The word "inhabitant" includes the concept of residence with intention of making it the home. It is therefore practically synonymous with and, when, used in constitutions and statutes defining the qualifications of electors, means "domicile." 2 Cooley's Constitutional Limitations (8 Ed.) 1365; Am. L. Inst., Restatement, Conflict of Laws (Proposed Final Draft No. 1), section 13, comment b; 20 C. J. 68; 31 C. J. 1196.

Every person has at all times one, but only one, domicile, of which there are three kinds—of origin, of choice, and by operation of law. Am. L. Inst., Restatement, Conflict of Laws (Proposed Final Draft No. 1), section 13; 2 Cooley's Constitutional Limitations (8 Ed.) 1385; Hairston v. Hairston, 27 Miss. 704, 61 Am. Dec. 530. When a woman marries, her domicile, and therefore her legal residence becomes that of her husband. Am. L. Inst., Restatement, Conflict of Laws (Proposed Final Draft No. 1), section 29; Land v. Land, 14 Smedes & M. 99; Hairston v. Hairston, 27 Miss. 704, 61 Am. Dec. 530; McHenry v. State, 119 Miss. 289, 80 So. 763; 19 C. J. 414; 20 C. J. 69.

Whether one who has moved from the state, but has not lost his domicile there, is within section 2908, Code of 1930, is not before us for decision, and we express no opinion thereon, for it is manifest that a person who has ceased to be domiciled in the state has removed therefrom within the meaning of the statute.

It is not necessary for us to determine whether the evidence discloses where the domicile of the appellant's husband, in fact, is; for it is clear therefrom (there is no contention to the contrary) that he has never lived in

Mississippi, from which it follows that his domicile, and consequently that of his wife, is not in this state. The appellant has lost her right to the office here in controversy.

Affirmed.