WARREN *v.* STATE *ex rel.* BARNES.

(Division A. May 30, 1932.)

[141 So. 901. No. 30044.]

818

**E. L. Dent**, of Collins, and **Stevens & Heidelberg**, of Hattiesburg, for appellant.

**T. J. Wills** and **Paul B. Johnson**, both of Hattiesburg, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

On the 6th day of January, 1932, the relator filed a petition in the court below, alleging, in substance, that he had been duly elected sheriff of Covington county at the general election on the 3d day of November, 1931, but that the appellant, William J. Warren, is in possession and discharging the duties of the office, and refuses to surrender it to him, and prayed that Warren be ousted from office, and that he (the relator) be put in possession thereof. The judgment of the court below was in accordance with the prayer of the bill.

The record discloses that the appellant and the relator were candidates at the Democratic primary election, held on the 4th day of August, 1931, for nomination as the parties' candidate for the office of sheriff at the election therefor to be held on the 3d day of November following. After canvassing the votes, the Democratic executive committee declared the appellant to be the nominee. Afterwards the relator filed a contest thereof before the committee, resulting in a majority of the committee declining to hear the contest and again declaring the appellant to be the nominee, and a minority of the committee declaring the relator to be the nominee.

A few days prior to the 3d day of November, 1931, the relator sued out an injunction against the county election commissioners restraining them from putting the appellant's name on the official ballot. This injunction was

dissolved by the court, and an appeal was taken by the relator to this court, which, when the time for the election arrived, was pending and was not disposed of until April 11, 1932, when this court affirmed the decree dissolving the injunction. Willis J. Barnes v. Mrs. Homer McLeod et al. (Miss.), 140 So. 740.

The election commissioners adopted an order directing that the name of the appellant, and no other, be printed on the official ballots as a candidate for the office of sheriff in the event the injunction should be disposed of in time therefor. This, as hereinbefore stated, did not occur, and the appellant's name was not printed on the official ballots.

The election commissioners met on the 4th day of November, 1931, to declare the result of the election. It appeared from the returns thereof that six hundred forty-seven voters had checked the name of the relator, and that the name of the appellant had been written on four hundred sixty ballots by the voters thereof. After canvassing the returns, the commissioners, declared, in writing, signed by all of them, that the name of the relator had been wrongfully printed on the ballots; that "the said William J. Warren should be, and he is hereby, declared to be regularly and constitutionally elected to the office of sheriff and tax collector of said county, beginning January 1, 1932, for a four years term, he having received the greatest number of legal votes for said office, and that he be given the certificate of the said election as the law provides in such cases." A certificate of election signed by two of the three commissioners was then issued to the appellant, and another certificate, signed by one of the commissioners, was issued to the relator.

It will not be necessary for us to determine whether or not in a quo warranto proceeding the acts and rulings of a party executive committee in declaring the result of a party primary election can be reviewed, nor, in event such can be done, which of the parties hereto was nomi-

nated in the primary election here in question, for the reason that the declaration of the election commissioners, made in accordance with section 6250, Code 1930, that the appellant received a majority of the legal votes cast at the election, and therefore was duly and regularly elected, can be contested by the relator only in accordance with section 6258, Code 1930, which provides that: ''A person desiring to contest the election of another person returned as elected to any office within any county, may, within twenty days after the election, file a petition in the office of the clerk of the circuit court of the county, setting forth the grounds upon which the election is contested; and the clerk shall thereupon issue a summons to the party whose election is contested, returnable to the next term of the court, which summons shall be served as in other cases; and the court shall, at the first term, cause an issue to be made up and tried by a jury, and the verdict of the jury shall find the person having the greatest number of legal votes at the election.''

The relator's contention is that he received ''the greatest number of legal votes at the election,'' and therefore should have been awarded the certificate of election by the election commissioners. The statute provides the exclusive remedy for the trial of such an issue. Ex parte Wimberly, 57 Miss. 437; Loposser v. State ex rel. Gause, 110 Miss. 240, 70 So. 345. Compare Weisinger v. McGehee, 160 Miss. 424, 134 So. 148; and Willis J. Barnes v. Mrs. Homer McLeod et al. (Miss.), 140 So. 740.

Reversed and petition dismissed.