McLeod *et al. v.* Barnes.

(Division B. Sept. 24, 1934.)

[156 So. 517. No. 31262.]

**Heidelberg & Roberts**, of Hattiesburg, and **E. L. Dent**, of Collins, for appellants.

**D. A. McIntosh**, of Collins, and **Sullivan & Sullivan**, of Hattiesburg, for appellee.

Argued orally by **Roland W. Heidelberg**, for appellant, and by **W. C. Sullivan**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a decree rendered in the chancery court of Covington county wherein an injunction had been dissolved and a motion filed for the allowance of attorney's fees, which the chancellor refused to allow.

The appellee, W. J. Barnes, was a contestant with one W. J. Warren in the second primary for the office of sheriff of Covington county. The county executive committee met after the second primary and declared W. J. Warren the nominee of the Democratic party for the office of sheriff of said county. Thereupon, a contest was filed by Willis J. Barnes. A time was fixed by the committee to hear said contest, but, prior thereto, a majority of the committee met and decided not to entertain the contest, and certified the name of W. J. Warren as the party nominee. Willis J. Barnes then applied for an injunction to restrain the election commissioners, the appellants here, from placing the name of W. J. Warren upon the election ticket of the regular election to be held November 3d. The injunction prayed for was granted, and, on the motion to dissolve the injunction, the chancellor dissolved said injunction, and an appeal was prosecuted to this court, the full facts pertaining thereto being found in Barnes v. McLeod, 165 Miss. 437, 140 So. 740. The judgment dissolving the injunction was affirmed and

the cause was remanded to the court below. In the meantime, prior to the decision by this court, one member of the election commissioners caused the name of Willis J. Barnes to be placed upon the ticket, and the other members passed an order to place the name of W. J. Warren upon the ticket as the Democratic nominee, provided the injunction was dissolved prior to November 3d. The injunction not having been dissolved at the holding of the election, some of his friends wrote his (Warren's) name on the ticket and placed an "X" by his name as a candidate for said office, but there was nothing on the ticket to show that it was done as nominee of the Democratic party. After the election on November 3d, the election commissioners met and canvassed the vote and declared W. J. Warren to be duly elected, and no appeal was prosecuted from this decision to the circuit court. At this time, W. J. Warren was filling an unexpired term in the sheriff's office, and, when the term expired the first Monday in January, 1932, both Willis J. Barnes and W. J. Warren presented bonds, each claiming to be the rightful sheriff. Warren, the incumbent, refused to yield possession to Barnes, and a quo warranto was issued in the circuit court which was decided in favor of Barnes against Warren, and on appeal a judgment was rendered in favor of Warren, the proceeding being set out in the case of Warren v. State ex rel. Barnes, 163 Miss. 817, 141 So. 901. After the termination of these proceedings, a motion was made in this case for attorneys' fees in the amount of one thousand five hundred dollars by the election commissioners for services rendered by attorneys in conducting the litigation, which, as stated, the chancellor refused to allow.

After the injunction was served upon the election commissioners, they entered into a contract with Messrs. E. L. Dent and Stevens & Heidelberg undertaking to pay them for their services in event the injunction was dissolved, said contract reading as follows:

"Whereas, as county election commissioners of said

county, on the 7th day of October, 1931, we were made defendants in an injunction suit filed in the chancery court of said county, and notice of said injunction having been legally served on us as the said county election commissioners, and

"Whereas, we deem it necessary to employ legal counsel in our behalf as such commissioners to defend said suit in order that we may perform our legally assigned duties as such election commissioners and,

"Whereas, E. L. Dent, an attorney of Collins, Mississippi, and Stevens & Heidelberg, attorneys of Hattiesburg, Mississippi, in our judgment, are capable of making our defense in order that we may perform our official duties to the public, and said attorneys agreeing not to charge us a fee in the event the injunction is sustained, but are to charge a reasonable fee, to be fixed by the court, in the event the said injunction should be dissolved.

"Therefore, the said E. L. Dent, and Stevens & Heidelberg, are hereby employed as attorneys for the board of county election commissioners of the county and state aforesaid, with full authority to do and act for us as attorneys, and do anything in their judgment which would be proper and meet in the prosecution of our defense in said cause; with full authority to make a motion to dissolve said injunction on bill or demurrer, or any form of procedure they may adopt. The payment of attorneys' fees being conditioned on the dissolution of the injunction and said fee to be fixed by the court which is hereby assigned to them. It being understood that if the injunction is made perpetual that no attorneys' fees shall be charged.

"Witness our official signatures this the 8th day of October, 1931.

"County Election Commissioners

"_____.

"_____.

"_____."

It will be noted that the election commissioners, having no funds to pay the expenses of conducting this litigation, were convinced that they should act as they did in making a contract with the attorneys. We think it was their right and duty to defend said suit and that it was permissible for them to make the contract above set out, it being a conditional contract to pay such fees as the court might allow in case the injunction should be dissolved. They were to receive no fees if the injunction was sustained. The contract being one which they could lawfully make, and the injunction having been dissolved, we think they were entitled to have reasonable attorneys' fees assessed by the court below for the dissolution of the injunction.

We think this case is controlled on this point by the case of Johnson v. Howard, 167 Miss. 475, 141 So. 573, and the authorities cited and discussed therein. The case at bar is even a stronger one for the allowance of attorneys' fees than Johnson v. Howard, supra, as the parties here were lawfully defending a suit against them by injunction, and they had not been engaged in any unlawful or prohibited transaction. As held in the above case, the dissolution of the injunction is conclusive of the fact that it was wrongfully sued out.

We are asked to fix the amount of attorneys' fees for the services rendered. This is a question which is of the chancellor's original jurisdiction, and the parties are entitled to the judgment of the chancellor primarily, and to have his opinion upon the amount of damages proper in the case, hence we cannot here render judgment for the parties.

The judgment will be reversed and the cause remanded to the court below for the assessment of proper damages.

Reversed and remanded.