JONES *v.* ELECTION COM'RS OF HANCOCK COUNTY *et al.*

(Division B. Jan. 22, 1940. Suggestion of Error Overruled March 4, 1940.)

[193 So. 3. No. 33994.]

Edward I. Jones, of Bay St. Louis, for appellant.

George R. Smith, of Gulfport, and Robt. L. Genin and Gex & Gex, all of Bay St. Louis, for appellees.

Argued orally by **Edward I. Jones**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

Edward I. Jones filed a petition to contest an election in the Circuit Court of Hancock County. The contest seems to have been filed under Section 6258, Code of 1930, which provides how an election of a county officer or district attorney may be contested.

The board of supervisors of that county ordered an election to be held on January 24, 1939, to decide whether or not the office of county prosecuting attorney should be abolished in that county. That election was held and the returns of the commissioners of election to the board

of supervisors showed that 335 voted for the office and 940 voted against it, the majority against the continuance of the office being 605. Upon said return, the board of supervisors entered an order abolishing the office. As a qualified elector and taxpayer, Edward I. Jones brought suit to contest the election. No one was a candidate for the office in that election.

The appellant asserts here, and so asserted in the lower court, that the election was void because of the date of the filing of the petition of qualified electors for the abolition of the office. He further alleged that eight hundred or more citizens voted in that election who were not qualified because there had not paid their poll taxes for the year 1938. The election commissioners and board of supervisors contended that the electorate of that county had until February 1, 1939, in which to pay their taxes. The court below agreed with the appellees and directed the jury to return a verdict for the appellees, sustaining the order of the board of supervisors abolishing the office of county prosecuting attorney.

Section 6258, Code of 1930, is the only section which applies to elections other than primary elections in the county. There is nothing in the section which indicates that a taxpayer or qualified elector could contest the election of a county officer. That section limits the right to contest in the person or persons who were candidates in the election. This is clearly demonstrated by the judgment directed to be rendered by the court, as provided in that section.

In a contest under that section "The sole issue which the court that tried the contested election case was authorized to submit to the jury is that prescribed by section 6258, Code of 1930, which is that it 'shall find the person having the greatest number of legal votes at the election.' . . . 'it is of course obvious that issues outside of the jurisdiction of the court to determine, cannot become res adjudicata by virtue of its judgment.' " Weisinger v. McGehee, 160 Miss. 424, 134 So. 148, 149, and authorities there cited.

There is no provision in Section 4221 for a contest by a taxpayer or qualified elector of an election ordered to determine whether or not the office of county prosecuting attorney should be abolished. Therefore Jones was without the authority to appear as a contestant of the election held in that county on January 24, 1939.

Appellant Jones cites two cases as authority for his right to bring the contest here involved—Ferguson v. Board of Supervisors, 71 Miss. 524, 14 So. 81; and Power v. Robertson, 130 Miss. 188, 93 So. 769. Neither of these cases has any application whatever to the question here involved. In the former case, the Court held that a taxpayer had a right as a party aggrieved to appeal from an order of the board of supervisors directing a local option election as to the sale of intoxicating liquors. In the latter case, this Court upheld the right of a qualified elector to have a judicial review of the action of the secretary of state in passing upon the petition for an initiative and referendum election. In that case, the Court held that a qualified elector was entitled to invoke a writ of certiorari in the circuit court in order to pass upon the validity and sufficiency of the petition there involved.

We shall not be inclined to read into the statutes mentioned the right of a qualified elector and taxpayer, without other interest, to contest an election held by the people.

We shall not take up for decision the questions raised by the petition to contest the election.

Affirmed.