STATE, ex rel. *v.* BOUNDS.

Division B. May 28, 1951.

No. 37934 (52 So. (2d) 660)

Revised opinion on suggestion of error.

October 8, 1951 (54 So. (2d) 276)

The original opinion was as follows:

**Roberds, P. J.**

This is a school fight. On March 5, 1950, M. J. Bounds, appellee, was duly elected a trustee of the Salem School District, according to certificate to the county superintendent of education duly made by the chairman and secretary of a meeting of the school patrons held that day, and according to a certificate from the county superintendent of education to Bounds, pursuant to Section 6298, Mississippi Code 1942. A. P. Landrum was the runner-up candidate at that election. The State, on relation of the district attorney, filed this quo warranto petition to oust Bounds. Landrum is not a party to it. Bounds answered the petition, the State moved to strike

the answer, which was overruled; no proof was taken and the trial judge dismissed the petition, from which the State appeals.

The petition alleged the election was illegal because of fraud in the manner of holding it and because six of those who voted were not qualified to do so under Section 6297, said Code.

The judgment of the trial court should be affirmed for the simple reason the answer sufficiently denied the essential facts alleged in the petition as to require petitioner to establish such facts by proof. No evidence was offered.

It is true the learned trial judge based his conclusion on the lack of jurisdiction. However, the appeal here is from his judgment dismissing the petition. That judgment, if correct, should be affirmed although placed upon an erroneous ground. Carr v. Miller, 162 Miss. 760, 139 So. 851; Lee v. Memphis Pub. Co., 195 Miss. 264, 278, 14 So. (2d) 351, 152 A. L. R. 1428; Winfield v. Winfield, 203 Miss. 391, 35 So. (2d) 443; Hollingsworth v. Bilbo, Miss., 51 So. (2d) 229. While the question usually arises in chancery, the rule is applicable in law courts where, as here, the judgment from which the appeal is taken is that of the trial judge not based upon a jury verdict. Lee v. Memphis Pub. Co. supra.

Affirmed.

**R. G. Livingston** and **Tate Thigpen**, for appellant.

H. H. Parker and Grayson B. Keaton, for appellee.

The final opinion on the suggestion of error, was as follows:

**Alexander, J.**

In our former opinion we followed the emphasis placed by counsel upon the issue of jurisdiction, but we did not

base our views upon an affirmance of the finding by the chancellor that none existed. Although the plea raising such bar was incorporated in the answer of the respondents, our attention was directed to the fact that, while the answer set up a valid defense, there was no testimony to support its allegations. In submitting to this distraction we were in error, since it now more clearly appears that the respondent was precluded by the ruling upon the plea in bar from adducing testimony to support his answer.

We now decide the issue of jurisdiction and conclude that the learned chancellor was correct in dismissing for lack of jurisdiction the petition for writ of quo warranto. It is immaterial that a school trustee is a public officer and that Code 1942, Section 1120, authorizes quo warranto proceedings to test the right of a public officer to such office.

 There is no disqualification alleged or shown, and Section 3287 provides the exclusive remedy for one who contests the manner or results of an election. Loposser v. State ex rel. Gause, 110 Miss. 240, 70 So. 345; Warren v. State ex rel. Barnes, 163 Miss. 817, 141 So. 901, and cases cited in the opinion.

The petition discloses that the results of the election were certified to the county superintendent of education, who issued a commission to the respondent.

Overruled.