JONES, et al. *v.* MINTON, et al.

No. 42332          May 21, 1962          141 So. 2d 564

*W. H. Watkins, Jr.,* Tylertown, for appellants.

*Alexander & Herring,* Jackson, for appellees.

GILLESPIE, J.

This is a suit in chancery to set aside and cancel a deed to an undivided one-half interest in all minerals under a sixty acre tract of land.

The land was the homestead of W. A. Chain and wife, Sebell Chain, when the deed in question was purportedly executed by W. A. Chain and wife, Sebell Chain, to Ed W. Dawson on December 30, 1939, before two subscribing witnesses. The signatures were handwritten, purporting to be the handwritten signatures of W. A. Chain and Sebell Chain. One of the subscribing witnesses made the statutory affidavit and the deed was placed of record on January 23, 1940. More than twenty years later this suit was filed by complainants, who are successors in title to W. A. Chain, against defendants, who are successors in title to Ed W. Dawson. W. A. Chain and his wife are dead; Dawson is also dead. The Chains both lived more than ten years after the date of the deed and made no effort to avoid it. The complainants introduced two of the daughters of Mr. and Mrs. Chain and one or two other witnesses who testified that Mrs. Sebell Chain could not read or write. There is no proof to the contrary. Sebell Chain's signature is not shown to be by mark. The complainants alleged that the name of Sebell Chain was forged to the deed in question. It is not charged that W. A. Chain's name was forged but two of his daughters testified that the name "W. A. Chain," appearing on the original deed, which was in evidence, was not the signature of W. A. Chain.

The chancellor found that complainants had not met the burden of proof and held that the name of Mrs.

Sebell Chain was not forged to said deed. Complainants appeal.

■■ Code Section 700 requires that in all cases where the signature of a person is required by law, it shall be in the proper handwriting of such person, or, in case he be unable to write, by his proper mark. That section has no application to the case at bar, for it merely requires a signature to be an individual authorization and shall not be engraved, printed, or lithographed. Sheehan v. Kearney, 82 Miss. 688, 21 So. 41. ■■ A person may adopt the writing of another as his individual signature. Simmons v. Dantzler, 152 Miss. 428, 118 So. 829; 16 Am. Jur., Deeds, Sec. 92, 95.

■■ There is a presumption against bad motive, dishonesty and fraud, and fraud is not a thing to be lightly charged and most emphatically not a thing to be lightly established. A mere preponderance is not sufficient to establish fraud; it must be established clearly and convincingly, especially where a long time has elapsed and some of the actors are dead. Griffith, Miss. Chancery Practice, Sec. 589. ■■ Another presumption is involved in this case. The certificate of acknowledgment to the deed in question imports verity and presumptively states the truth. This presumption can be overcome only by clear, strong, and convincing evidence. Mallory v. Walton, 119 Miss. 396, 81 So. 113; White v. Inman, 212 Miss. 237, 54 So. 2d 375. ■■ This presumption arises whether the acknowledgment is made before an officer in the usual form or by the affidavit of a subscribing witness. Both are statutory methods of acknowledgment. In Simmons v. Dantzler, supra, it is indicated that there may be a difference between the presumption arising from the certificate of acknowledgment made before an officer and one proven by a witness, but we are unable to see any practical difference.

■■ The two presumptions just mentioned are independent of each other but equal in force and coex-

tensive as to the area of operation in the case at bar. Since the deed purports to bear the actual signature of Sebell Chain, presumably it was her actual, personal signature. We assume, without necessarily deciding, that the proof in this case is sufficiently strong, clear, and convincing to overcome the presumption that Sebell Chain actually affixed said signature to the deed. Therefore, Sebell Chain did not personally sign the deed. The deed does not purport to be signed by the mark of Sebell Chain. But we are not done with the presumptions, for it is presumed that since Sebell Chain did not actually affix her signature, and did not place her mark on the deed, she adopted the writing of some other person as her signature. The question then arises: Did the complainants overcome the presumptions with clear and convincing evidence? The record answers that there was no evidence that Sebell Chain did not adopt the writing of some other person as her true signature. Therefore, the chancellor was not only justified in his finding, but probably could not have lawfully found otherwise. His finding that the complainants did not meet the burden of proof is fully justified.

It may not be entirely accurate to say that appellees' position in this case is supported by presumptions only, although the presumptions are entirely sufficient until overcome as aforesaid. ██ █ The deed itself and the acknowledgment thereon constitute evidence of its genuine execution. Wigmore on Evidence, 3rd Ed., Vol. 1, Sec. 157. The distinction between a presumption and an inference, and between presumptions of law and those of fact, and other related matters need not be considered; for it is perfectly clear that complainants' case must fail because they did not produce clear and convincing evidence that Sebell Chain did not execute the deed by adopting the affixed signature as her own.

Lee v. Duncan, 220 Miss. 234, 70 So. 2d 615, is a case where the evidence overcame the presumption.

The chancellor's decision accords with the policy of the law that favors the repose of society. The right to rely on old documents and the public records finds strong support in the needs and convenience of the community.

Affirmed.

*Lee, P. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.