# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-EC-01017-SCT

*J. T. LADNER*

*v.*

*DEREK NECAISE*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/1999 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MALCOLM F. JONES |
| ATTORNEYS FOR APPELLEE: | SAMUEL W. KEYES, JR. |
| | TOMMIE SULLIVAN CARDIN |
| | RONALD J. ARTIGUES, JR. |
| | JULIE LEMAYE HUSSEY |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 11/09/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/30/2000 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This is an appeal by an independent candidate for Hancock County Superintendent of Education whose name was excluded from the November 3, 1998, general election ballot. J. T. Ladner filed his petition to qualify as an independent candidate for Superintendent of Education with the Hancock County Election Commission. Derek Necaise, a qualified elector of Hancock County, filed an objection to the petition claiming that Ladner failed to obtain the requisite number of signatures of qualified electors on his petition. When the Election Commission failed to take action on the objection, Necaise filed a petition in the Circuit Court of Hancock County requesting that court to exclude Ladner's name from the ballot. After a full de novo hearing on the merits, the circuit court granted Necaise's petition and denied Ladner's motion to dismiss the same. Ladner has perfected his appeal from that judgment.

## FACTS

¶2. Ladner's petition to qualify as a candidate for the office of Hancock County Superintendent of Education included seventy names. The circuit clerk concluded that only sixty of those people whose names

appeared on the petition were qualified electors of Hancock County. Necaise challenged the petition, claiming that several of the signatures on the petition were not personally signed by the listed persons, as required by Miss. Code Ann. § 23-15-359 (Supp. 1999). At trial, twelve people listed on the offending petition testified that they had not personally signed the petition. Another three persons testified that they had signed a name that was not their own to the petition. The circuit court found that fifteen of the signatures on the petition were not valid and that Ladner should not be listed as a candidate, since his petition did not contain the requisite 50 signatures of qualified voters.

## STANDARD OF REVIEW

¶3. This Court reviews questions of law de novo. *See Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000); *Peters v. Peters*, 744 So. 2d 803, 804 (Miss. Ct. App. 1999).

## DISCUSSION

### I. DID NECAISE HAVE STANDING TO PROSECUTE THE ACTION TO ATTEMPT TO DISQUALIFY LADNER FROM RUNNING FOR THE POSITION OF COUNTY SUPERINTENDENT OF EDUCATION?

¶4. The circuit court correctly decided that Necaise had standing to challenge Ladner's petition for office. "*Any person* desiring to contest the qualifications of another person who has qualified pursuant to provisions of Section 23-15-359, Mississippi Code of 1972, as a candidate for any office elected at a general election, shall file a petition specifically setting forth the grounds of the challenge . . . ." Miss. Code Ann. § 23-15-963(l) (1990) (emphasis added). The language of a statute is controlling, and that language should be attributed a usual and ordinary meaning. *See Mississippi Casino Operators Ass'n v. Mississippi Gaming Comm'n*, 654 So. 2d 892, 894 (Miss. 1995); *Buelow v. Kemp Co.*, 641 So. 2d 1226, 1228-29 (Miss. 1994). A plain reading of the statute sub judice is that "any person" is not restricted to mean that person must be a candidate for the election in which he/she is contesting the qualifications of a candidate.

¶5. Ladner argues that this Court has held that only a candidate for office can contest an election. In *Jones v. Election Commissioners of Hancock County*, 187 Miss. 636, 193 So. 3 (1940), this Court considered the question of whether a taxpayer and qualified elector could contest an election ordered by the board of supervisors to determine whether the office of county prosecutor could be abolished. The Court determined that the election could not be contested by someone other than a candidate for the position. The Court looked first to the language of the statute at issue in that case, which provided that the jury "shall find the person having the greatest number of legal votes at the election . . . ." *Id.* at 640, 193 So. at 3 (citing Miss. Code Ann. § 6258 (1930)). Because the relief afforded clearly contemplated that the election could only be contested by an opposing candidate, the Court held that although the statute said "a person," one had to be a candidate to contest an election under that statute.

¶6. *Jones* is clearly distinguishable from the case as hand. In this case, the statute does not limit the relief to be obtained to a direction of the results of an election, but provides that "any person" may contest the qualifications of a candidate seeking office.

### II. DID NECAISE ALLEGE WITH PARTICULARITY THE GROUNDS OF HIS CHALLENGE TO LADNER'S QUALIFICATIONS IN HIS PETITION BEFORE THE

**ELECTION COMMISSION AND/OR BEFORE THE CIRCUIT COURT?**

¶7. We find that Necaise's petition met the statutory requirement of "specifically" setting forth the grounds of his challenge because Necaise identified the suspect signatures and indicated why he believed that Ladner's petition was invalid, and we affirm the circuit court on this issue. Necaise alleged in his petition that there were fourteen names on Ladner's petition for office that were not signed by the individuals listed. He included affidavits from those fourteen people. Necaise also listed ten names that were "suspect" and that he alleged needed to be verified. Of those ten "suspect" names, there was testimony at trial and the judge found that four of those names had not been signed by the listed individuals.

¶8. Ladner asserts that Necaise did not follow that statutory dictate that the petition to challenge his qualifications should "specifically" set forth the grounds of the challenge. *See* Miss. Code Ann. § 23-15-963. Necaise met the requirement of specifically setting forth the grounds of his challenge when he stated that Ladner's petition failed for want of the requisite number of valid signatures, listed those signatures which were in question, and obtained as many affidavits as time and circumstance allowed showing that his allegations had merit. This Court has held that "specifically setting forth" means that a petition is reasonably specific and does not contain general language. *Harris v. Stewart*, 187 Miss. 489, 193 So. 339, 343-44 (1940).

¶9. The list of names given to Ladner in the petition challenging his qualifications was certainly specific enough to put him on notice that there was an allegation concerning those ten "suspect" names, allowing him ample opportunity to defend against those allegations at trial before the circuit court. This issue is without merit.

### III. DID THE TRIAL COURT PROPERLY CONSIDER EVIDENCE CONCERNING THE TEN "SUSPECT" NAMES ON LADNER'S QUALIFYING PETITION?

¶10. We affirm the circuit court as to this issue, as we find it to be without merit. Ladner objected at trial that Necaise should not have been allowed to introduce evidence concerning the "suspect" names before the circuit court since Necaise had not presented evidence that those signatures were not valid before the election commission. Ladner relies on *Shannon v. Henson*, 499 So. 2d 758, 764 (Miss. 1986), where this Court held that matters not first presented to the election commission could not be raised before the Special Tribunal. This case is distinguishable from *Shannon v. Henson*, where the Court reasoned that the tribunal could only hear matters already presented to the executive committee since the tribunal acted as an appellate court. In this case, the circuit court heard the election contest at issue because the election commission failed to take action on Necaise's challenge to Ladner's petition. Since the election commission failed to take action, Necaise was allowed to present the issue de novo to the circuit court, which does not act as an appellate court. *See* Miss. Code Ann. § 23-15-963(5). At a trial de novo, a court may entertain new evidence. *Pearson v. Parsons*, 541 So. 2d 447, 453 (Miss. 1989).

### IV. DID THE TRIAL COURT HAVE THE AUTHORITY TO REVIEW NECAISE'S PETITION BEFORE THE ELECTION COMMISSION BECAUSE IT WAS NOT PRESENTED AS A SWORN PETITION OR WHEN THE COPY OF THE PETITION WAS NOT ATTACHED TO THE PETITION FOR JUDICIAL REVIEW?

¶11. The governing statute in this case does not contain any requirement that the petition filed before the election commission be sworn. *See* Miss. Code Ann. § 23-15-963. Nor does that statute require that a

copy of the petition before the election commission be filed with the circuit court, and there is no compelling reason why it should, since, as noted above, the circuit's court's review is de novo. *Id.* This issue is without merit.

### V. DID THE TRIAL COURT CORRECTLY DISQUALIFY CERTAIN SIGNATURES ON LADNER'S QUALIFYING PETITION BECAUSE THE SIGNATURES WERE NOT PERSONALLY AFFIXED TO THE PETITION BY THE ALLEGED SIGNERS?

¶12. We find that the circuit court correctly excluded fifteen signatures that were not personally signed on Ladner's qualifying petition, and we affirm on this issue. Miss. Code Ann. § 1-3-75 (1998) is contained in the general statutes of construction which are "applicable to every statute unless its general object, or the context of language construed, or other provisions of law indicate that a different meaning or application was intended." Miss. Code Ann. § 1-3-1 (1998). That section provides that "all petitions presented to any governing body of the State of Mississippi, or any of its subdivisions, or municipalities thereof, must be signed personally by each petitioner; otherwise, said signature shall not be counted as a valid signature of such petition." The circuit court relied on this section in finding that Ladner's petition for office did not contain the requisite signatures, and that he was therefore not to be included as a candidate for office.

¶13. Election commissioners govern county elections, and they are charged with conserving peace within each county, with all the duties and powers needed to do that. Without question the election commissioners are elected officials from each county, and we find that they are contemplated by the term "governing body" of a subdivision of the state.

¶14. Ladner makes two arguments that the "signed personally" requirements are inapplicable. First, he argues that there is no requirement that his qualifying petition be personally signed since the legislature did not expressly provide for such, as the legislature did in § 23-15-213, which discusses the requirements for a petition to run for election commissioner. While this Court may look to other statutes to determine legislative intent in the event that a statute is ambiguous, a finding by this Court such as that one proposed by Ladner would contravene the requirements of § 1-3-75, as indicated above.

¶15. Second, Ladner argues that this Court has allowed one person to adopt or ratify the writing of one person as his own in the context of deeds and deeds of trust. *Jones v. Minton*, 244 Miss. 354, 141 So. 2d 564, 565 (1962); *Watkins v. McDonald*, 41 So. 376, 377 (Miss. 1906). Under that judicial rule, Ladner further shows that eight of the excluded signatures were "adopted" by the listed individual, as they testified that they did not object or indeed authorized their name to be attached to the petition (five of whom were physically present when their names were signed). The precedent concerning deeds and deeds of trust is not controlling in this case, and those cases do not persuade us to deviate from the plain requirement of a personal signature in this case.

### CONCLUSION

¶16. Ladner has raised no meritorious issue before this Court that would warrant reversal of the judgment of the Circuit Court of Hancock County. Therefore, the judgment is affirmed.

¶17. **AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, SMITH, MILLS AND COBB, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**